IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TIFFANY OLDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL CASE NO. 2:20-cv-1036-ECM |
| ) | (WO) |
| APPLIED BUSINESS SERVICES, INC., ) | |
| d/b/a SCA/Security Collection Agency, ) | |
| a North Carolina corporation, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

**I.      INTRODUCTION**

Plaintiff Tiffany Olds ("Olds") filed this action against Applied Business Services, Inc., doing business as SCA/Security Collection Agency ("Applied Business") on December 14, 2020. (Doc. 1). Olds alleges that the Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*, by failing to note on her credit report that she disputed a medical debt, and that the "Defendant's failure to note that the debt was disputed . . . impaired her credit rating and her ability to obtain credit." (Doc. 1 at 2-3, para. 9). Process was served on Kelly Webster—as agent of Allied Business—on December 30, 2020. (Doc. 9). Thereafter, no answer was filed, and the Plaintiff filed an application to the Clerk of Court for an Entry of Default. (Doc. 10). The Clerk completed the Entry of Default on February 12, 2021. (Doc. 11). The Entry of Default was mailed to the Defendant.

1

On March 1, 2021, the Plaintiff filed a motion for default judgment and an award of damages. (Doc. 12). For the reasons that follow, the Plaintiff's motion for default judgment and award of damages is due to be GRANTED in part.

## II.  JURISDICTION

The Court has original subject matter jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331. Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III.  LEGAL STANDARD

Federal Rules of Civil Procedure 55 governs the procedure for obtaining a default judgment. An entry of default must precede an entry of a default judgment. *See* Fed. R. Civ. P. 55. When a defendant "has failed to plead or otherwise defend," and the plaintiff demonstrates that failure, the clerk must enter the defendant's default. Fed. R. Civ. P. 55(a). After entry of default, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). The court may but is not required to hold a hearing before entering a default judgment. "Given its permissive language, Rule 55(b)(2) does not require a damages hearing in every case." *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015).

"When a defendant defaults, he "admits the plaintiff's well-pleaded allegations of fact." *Id*., (quoting *Lary v. Trinity Physician Fin. & Ins. Servs.,* 780 F.3d 1101, 1106 (11th Cir. 2015) (quotation marks omitted)).

## IV.  DISCUSSION

The Defendant has failed to file a response or acknowledge the pending lawsuit, bringing a halt to Olds' litigation. The Clerk has completed an Entry of Default. The

2

Plaintiff has filed a motion for entry of default judgment (doc. 12) which is ripe for review. Thus, the Court must determine whether default judgment is appropriate.

In the Eleventh Circuit, there is a "strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Systems, Inc.,* 328 F.3d 1291, 1295 (11th Cir. 2003). Nonetheless, it is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1985). Rule 55 of the Federal Rules of Civil Procedure provides for entry of default and default judgment where a defendant "has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a). Where, as here, the Defendant has failed to respond to or otherwise acknowledge the pendency of a lawsuit against it after being served, entry of default judgment may be appropriate.

The law is clear, however, that a defendant's failure to appear and the Clerk's subsequent entry of default do not automatically entitle the Plaintiff to a default judgment. A default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but is instead "an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability." *Pitts ex rel. Pitts v. Seneca Sports, Inc.,* 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004); *see also Descent v. Kolitsidas,* 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("The defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1370 n.41

3

(11th Cir. 1997) ("A default judgment cannot stand on a complaint that fails to state a claim.").

"The allegations must be well-pleaded in order to provide a sufficient basis for the judgment entered." *De Lotta v. Dezenzo's Italian Rest., Inc.,* 2009 WL 4349806 at *2 (M.D. Fla. 2009) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1307 (11th Cir. 2009)). In deciding whether the allegations in the complaint are well pleaded, the "plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotations omitted) (bracket added). Instead, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

   A.  FDCPA Claim

> The Fair Debt Collection Practices Act was enacted by Congress "to eliminate abusive debt collection practices by debt collectors" and "to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Congress found abusive practices by debt collectors to be "serious and widespread." *Russell v. Equifax A.R.S.,* 74 F.3d 30, 33 (2d Cir.1996). The Act provides a civil cause of action against any debt collector who fails to comply with the requirements of the Act, including § 1692e(11). *See* 15 U.S.C. § 1692k(a).

*Edwards v. Niagara Credit Sols., Inc.*, 584 F.3d 1350, 1352 (11th Cir. 2009)

In her complaint, the Plaintiff alleges that the Defendant, while acting as a debt collector, attempted to collect a debt she allegedly owed for medical services. (Doc. 1 at 2, para. 6). According to the Plaintiff, the Defendant reported the debt on the Plaintiff's credit report after she disputed the debt. (*Id*. at para. 8). Olds obtained a copy of her credit

4

report on November 23, 2020, after informing the Defendant on September 22 and 24, 2020 that she was disputing the debt. (*Id.*). The Plaintiff alleges that the Defendant's continued reporting of the debt constitutes violations of 15 U.S.C. §§ 1692e and 1692f. Failure of the Defendant to communicate that the debt was in dispute states a colorable claim of a violation of the FDCPA. *See* 15 U.S.C. § 1692e(8) ("the failure to communicate that a disputed debt is disputed" constitutes a false or misleading representation under the Act.).

Moreover, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Because the Plaintiff notified the Defendant of the dispute within thirty days of receiving notice that the Defendant was attempting to collect the debt, the Defendant was required by the FCRPA to cease attempting collections attempts until it received verification of the debt from the original creditor. 15 U.S.C. § 1692g(b). Failure to do so could constitute an unfair debt collection practice in violation of 15 U.S.C. § 1692f. The Plaintiff alleges that her attorney notified the Defendant that she disputed the debt, (doc. 1 at 2, para. 7), but the Defendant continued to report the debt without noting that the debt was in dispute. Accepting the allegations as true for the purpose of the motion for default judgment, the Plaintiff has established that the Defendant knew or should have known that the debt was disputed, and by continuing to report the debt, violated the FDCPA. Thus, the Plaintiff's allegations, which are deemed admitted by the Defendant, establish violations of the FDCPA. The Plaintiff's motion for entry of default judgment will be granted.

*B. Damages*

"A debt collector can be held liable for an individual plaintiff's actual damages, statutory damages up to $1,000, costs, and reasonable attorney's fees." *Edwards,* 584 F.3d at 1352.  The Plaintiff asserts, in her Complaint and through evidence submitted in support of her motion for default judgment, that she is entitled to actual damages for emotional distress, aggravation and damage to her credit in the amount of $1000.00 and statutory damages in the amount of $1000.00.  15 U.S.C. § 1692k(a).  The Court may, but is not required to, hold a hearing before entering a default judgment.  *Giovanno*, 804 F.3d at 1366; *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (noting that a district court need not hold a hearing to determine damages when "all essential evidence is already of record.").

Pursuant to 15 U.S.C. § 1692k(a)(1), the Plaintiff may recover damages for "any actual damage" that resulted from the Defendant's failure to comply with the FDCAP.  The Plaintiff seeks $1000.00 in actual damages for emotional distress.  In her affidavit in support of the motion for  default judgment and an award of damages, the Plaintiff testified that the debt "impaired [her] credit rating and [her] ability to obtain credit."  (Doc. 12-1, Ex. A at 2, para. 5).  She further testified that she felt that she "did not actually have the right to dispute the debt," and the Defendant's actions "alarmed, confused and distressed [her]." (*Id*.)  "Actual damages under the FCDPA include damages for emotional distress." *Minnifield v. Johnson & Freedman, LLC*, 448 F. App'x 914, 916 (11th Cir. 2011).[1] *See*

---

[1] While the Court recognizes that *Minnifield*, *supra*, is an unpublished opinion, the Court finds its analysis to be persuasive.

6

*also Jackson v. TeleRecovery*, 2021 WL 633212, * (N.D. Ala. Feb. 21, 2021). Thus, the Court will award the Plaintiff actual damages for emotional distress in the amount of $1000.00.

The Plaintiff also seeks statutory damages in the maximum amount permitted under to 15 U.S.C. § 1692k(a)(2)(A). In determining whether to award statutory damages, the Court considers "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b). The Court concludes that the Plaintiff is not entitled to statutory damages. She presents no allegations in her complaint nor evidence in support of her motion that would support an award of statutory damages. In her affidavit, the Plaintiff states that she reviewed her credit report only once. (Doc. 12-1, Ex. A at 2, para. 4). She presents no evidence from which the Court could conclude that the Defendant's noncompliance was frequent, persistent, or intentional. Thus, the Court concludes that the Plaintiff has failed to establish that she is entitled to an award of statutory damages.

Finally, the Plaintiff seeks to an award of attorney's fees and costs in the amount of $3,871.50 pursuant to 15 U.S.C. § 1692k(a)(3). The Plaintiff seeks $3,319.50 for 6.5 hours of work at an hourly rate of $605 for Attorney David J. Phillips' work and $595 for the work of his partner, Mary E. Phillips. While the Plaintiff is entitled to an award of attorney's fees, the Court concludes that requested hourly rates of her attorneys are excessive. Attorney David J. Phillipps submitted an affidavit describing his expertise in detail. However, "[t]he billing statement shows that [the Plaintiff's] attorneys performed largely rote work, such as drafting and filing the complaint—which is almost identical to

[other complaints]—and drafting and filing the motion for default judgment." *Jackson*, 2021 WL 633212 at *2.  Other district courts in Alabama have reduced Attorney David Phillips' hourly rate to $450.00 per hour and reduced Attorney Mary Phillips' hourly rate to $425.00.  *See Jackson*, 2021 WL 633212 at 3; *Fletcher v. Telerecovery, Inc.*, 5:20-cv1147-MHH (N.D. Ala. Jan. 15, 2021).  The Court will reduce the Plaintiff's attorneys' hourly rate accordingly, and award her attorneys $2455.00 in attorney's fees for 6.5 hours of work, and $552.00 in costs incurred for a total award of $3007.00 in attorney's fees and costs.

## IV.   CONCLUSION

Accordingly, for the reasons as stated and for good cause, it is

ORDERED that the Plaintiff's motion for default judgment and an award of damages, (doc. 12), is GRANTED to the extent default judgment is ENTERED in favor of the Plaintiff and against the Defendant, ant the Plaintiff is awarded actual damages in the amount of $1000.00.  It is further

ORDERED that attorney's fees and costs in the amount of $3007.00.

A separate final judgment will be entered.

DONE this 9th day of June, 2021.

                                                       /s/ Emily C. Marks
                                          EMILY C. MARKS
                                          CHIEF UNITED STATES DISTRICT JUDGE